UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TONY DEJUAN JACKSON, and other similarly situated prisoners at Rush City Correction Facility,<br><br>                    Plaintiff,<br><br>v.<br><br>GOVERNOR MARK DAYTON, State of Minnesota; LIEUTENANT GOVERNOR TINA SMITH, State of Minnesota; TOM ROY, Commissioner of Dept. of Corrections; TERRY CARLSON, Deputy Commissioner of Dept. of Corrections; EDDIE MILES, Assistant Commissioner of Dept. of Corrections; JIM BENSON, Warden, Rush City Correctional Facility; GREGG SMITH, AWO, Rush City Correctional Facility; and SANDY O'HARA, AWA, Rush City Correctional Facility & Chair Person for Property and Allowable Items for the Dept. of Corrections, in their official capacities,<br><br>                    Defendants. | Case No. 15-CV-4429 (WMW/JJK)<br><br>REPORT AND RECOMMENDATION |

By separate order, this Court has granted plaintiff Tony Dejuan Jackson's application to proceed *in forma pauperis* and has permitted Jackson to proceed with this litigation. Jackson has requested to represent a class of similarly situated prisoners in this action. But "*pro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)." *Perkins v. Holder*, No. 13-CV-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 26, 2014) (citing *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *cf. Knoefler v.*

*United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity."). Because he is not an attorney, Jackson may only represent *himself* in this lawsuit while acting pro se; he may not litigate the claims of others, including the claims of any putative class. Accordingly, this Court recommends that Jackson's motion to prosecute a class action [ECF No. 3] be denied without prejudice.

Jackson, hoping to salvage this lawsuit as a class action, has also requested that the Court appoint him an attorney to act as class counsel under Fed. R. Civ. P. 23(g). *See* ECF No. 6. Jackson is mistaken as to the scope of, and purpose behind, Rule 23(g):

> Federal Rule of Civil Procedure 23(g) provides that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). In addition, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) advisory committee's note. This conclusion is buttressed by the fact that Federal Rule of Civil Procedure 23 requires the court when appointing class counsel to consider, among other things, "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). The rule simply does not contemplate appointing an attorney for a pro se litigant.

*Shepard v. City of Waterloo*, No. 14-CV-2057-LRR, 2015 WL 2238358, at *1 (N.D. Iowa May 12, 2015).

Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Indeed, with exceptions not relevant here, district courts lack statutory authority to formally appoint counsel — that is, to "require an unwilling attorney to represent an indigent litigant" — in most civil cases. *Mallard v. U.S. Dist.*

*Ct. for the Dist. of Iowa*, 490 U.S. 296, 298 (1989); *compare* 18 U.S.C. § 3006A (providing authority to appoint counsel in criminal cases). Instead, the Court "may *request* an attorney to represent any person unable to afford counsel" in a civil case. 28 U.S.C. § 1915(e)(1) (emphasis added).

This Court does not believe that such a request is appropriate at this time. Neither the facts nor the legal issues involved in this case appear to be so complex that requesting an attorney to represent Jackson is presently necessary. Jackson has demonstrated the threshold ability to articulate his claims, and this Court is presently satisfied that counsel would substantially benefit neither Jackson nor the Court. Moreover, this Court cannot yet predict the likelihood that Jackson's claims will prove meritorious and thus cannot yet have any confidence that a formal request for counsel to represent Jackson would be a valuable use of judicial resources. Finally, not until this case has advanced further will it become clear whether a class action is a necessary or appropriate vehicle through which to prosecute Jackson's claims. It is therefore recommended that Jackson's motion for appointment of counsel also be denied without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Tony Dejuan Jackson's motion to bring a class action [ECF No. 3] be DENIED WITHOUT PREJUDICE.

2. Jackson's motion for appointment of counsel [ECF No. 6] be DENIED WITHOUT PREJUDICE.

Dated: March 22, 2016            <u>s/ Jeffrey J. Keyes</u>
                                                                 JEFFREY J. KEYES
                                                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.