UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 15-cv-4429 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| Governor Mark Dayton et al., in their official capacities, | |
| Defendants. | |

This matter is before the Court on the December 16, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung. (Dkt. 66.) The R&R recommends granting Defendants' motions to dismiss Plaintiff Tony Dejuan Jackson's amended complaint and denying Jackson's motion to certify a class and appoint class counsel. Jackson filed objections to the R&R on January 23, 2017.[1] In their January 26, 2017 response to Jackson's objections, Defendants request that the Court adopt the R&R.

The Court conducts a de novo review of any portion of a magistrate judge's recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); LR 72.2(b); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.

---

[1]   In his objections to the R&R, Jackson states that he received the December 16, 2016 R&R on January 10, 2017. The Court received Jackson's objections thirteen days later—on January 23, 2017. *See* LR 72.2(b)(1) (providing that a party may file and serve specific written objections to an R&R within 14 days after being served with a copy of the R&R). Because Defendants do not object to Jackson's filing as untimely, the Court will address Jackson's objections on their merits.

2003).  Having performed its de novo review, the Court adopts the R&R's recommendation to dismiss without prejudice Jackson's amended complaint and to deny Jackson's motion to certify a class and appoint class counsel.  In doing so, the Court writes separately to modify the analysis as to portions of the R&R.

Defendants are fifteen officers and employees of the State of Minnesota in their official capacities from whom Jackson seeks monetary, injunctive and declaratory relief.  In his amended complaint, Jackson first alleges that the Minnesota Department of Corrections' ("MDOC") policy of double bunking inmates at the Minnesota Correctional Facility in Rush City, Minnesota ("MCF-Rush City") violates the Eighth Amendment to the United States Constitution ("condition-of-confinement claims"), which prohibits cruel and unusual punishment.  Second, Jackson alleges that MINNCOR Industries—MDOC's industry program—violates federal law by failing to pay inmates the federal minimum wage and by taking excessive deductions from inmates' paid wages ("MINNCOR claims").  Jackson also moves the Court to motion to certify a class and appoint class counsel.

In his objections to the R&R, Jackson argues that his complaint cannot be dismissed because it survived the Court's initial screening under 28 U.S.C. § 1915A.  Jackson's argument lacks merit.  The R&R correctly rejects this argument because the initial-screening procedure under 28 U.S.C. § 1915A is necessarily limited and does not foreclose Defendants' ability to challenge a pleading under the Federal Rules of Civil Procedure.  *See Day v. Minnehaha Cty.*, No. 14-4037, 2015 WL 926147, at *1, n.3 (D.S.D. Mar. 4, 2015).

Jackson next objects to the R&R's conclusion that he cannot recover monetary relief because Defendants are protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. Jackson argues that, because MINNCOR operates as a for-profit institution, MINNCOR does not qualify for sovereign-immunity protection. This argument lacks merit. A lawsuit against a state official in that person's official capacity is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). For that reason, the lawsuit is against the state itself. *Id.* The Eleventh Amendment protects states from lawsuits for monetary damages in federal court unless a state waives its immunity or its rights are otherwise abrogated. *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). Here, the State of Minnesota has not waived its immunity, and Jackson fails to assert any exception to that immunity. Because both the MDOC and MINNCOR are publicly funded by the State of Minnesota, each entity is protected from Jackson's lawsuit for monetary damages by the State of Minnesota's sovereign immunity. Accordingly, the Court lacks jurisdiction over Jackson's claims for monetary relief.

As to Jackson's condition-of-confinement claims, Jackson notified the Court on July 1, 2016, that he had been transferred from MCF-Rush City to the Minnesota Correctional Facility in Stillwater, Minnesota. Because Jackson was transferred, his condition-of-confinement claims that pertain to his confinement at MCF-Rush City are

moot.[2] For this reason, the Court declines to adopt the R&R's alternative analysis addressing the merits of Jackson's condition-of-confinement claims.

Jackson also objects to the R&R's recommendation to dismiss his MINNCOR claims for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). This objection is overruled. Jackson's allegation that MINNCOR deducts too much money from his paycheck fails to state a claim because the controlling statute does not create a private right of action and cannot be enforced under Section 1983. *See* 18 U.S.C. § 1761(c); *McMaster v. State of Minnesota*, 819 F. Supp. 1429, 1439-41 (D. Minn. 1993). Jackson's minimum-wage allegations fail because he fails to provide information as to both the nature and location of the work performed, which the Court requires to determine whether the work is the type for which an inmate is entitled to receive the federal minimum wage. *See Barnett v. Young Men's Christian Ass'n., Inc.*, 175 F.3d 1023 (8th Cir. 1999) (per curiam) (unpublished table decision) (distinguishing work voluntarily performed outside the prison for private organizations from required work performed in the prison setting); *McMaster v. State of Minnesota*, 30 F.3d 976, 980 (8th Cir. 1994) (exempting inmates from the definition of "employee" under the Fair Labor Standards Act for work performed as a part of their sentence).

---

[2] In his objections to the R&R, Jackson requests permission to amend his complaint to include allegations that the Minnesota Correctional Facility in Stillwater, Minnesota, impermissibly double bunks its inmates similar to MCF-Rush City. Jackson also restates allegations that Defendants have retaliated against him for filing this lawsuit. But Jackson's request to amend his complaint is not properly before the Court and will not be considered. *Cf. Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992) (explaining that denial of a motion for leave to amend is not an abuse of discretion when a defendant may file claims in a different lawsuit).

Accordingly, Jackson's minimum-wage allegations fail to state a claim for which relief can be granted.

Although the R&R addresses the merits of Jackson's MINNCOR claims based on the magistrate judge's determination that certain Defendants have the authority to order MDOC-wide changes, the R&R does not distinguish between the Defendants who have such authority and those who do not. The MINNCOR claims are moot as to any Defendant who lacks the authority to effect MDOC-wide changes. *See Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001). For example, the authority of those Defendants who are employed at MCF-Rush City to effect changes is limited to MCF-Rush City. *See id.* (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)). For this reason, the Court modifies the R&R's analysis to include this distinction—that is, Jackson's MINNCOR claims are moot as to any Defendant without the authority to effect MDOC-wide changes.

Finally, the Court declines to adopt the R&R's analysis as to the merits of Jackson's motion to certify a class and appoint class counsel because the amended complaint is dismissed.

**ORDER**

Based on the R&R and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Jackson's objections to the R&R, (Dkt. 67), are **OVERRULED**;

2. The December 16, 2016 R&R, (Dkt. 66), is **ADOPTED AS MODIFIED** herein;

5

      3.      Defendants' motions to dismiss, (Dkts. 34, 49, and 54), are **GRANTED** and Jackson's amended complaint, (Dkt. 25), is **DISMISSED WITHOUT PREJUDICE** as follows:

      a.      Jackson's claims for monetary relief are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

      b.      Jackson's condition-of-confinement claims are **DISMISSED WITHOUT PREJUDICE AS MOOT**;

      c.      Jackson's remaining claims are **DISMISSED WITHOUT PREJUDICE AS MOOT** as to the MCF-Rush City Defendants and **DISMISSED WITHOUT PREJUDICE** as to the remaining Defendants for failure to state a claim on which relief may be granted.

      4.      Jackson's motion to certify a class and appoint class counsel, (Dkt. 24), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 7, 2017                                    s/Wilhelmina M. Wright
                                                                           Wilhelmina M. Wright
                                                                           United States District Judge